UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          Case No. 95-72365

HIGH TECHNOLOGY
PRODUCTS, INC., et. al,                                HONORABLE AVERN COHN

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART CANADA'S MOTION TO CLARIFY AND MODIFY THE REINSTATED SAMPLING ORDER**

I.  Introduction

This is an interpleader action involving isotopes.  Although it has seemingly long since settled and closed, issues continue to pop up.  Before the Court is the government of Canada's Motion to Clarify and Modify the Reinstated Sampling Order (Doc. 148).  For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

II.  Background

A.

On March 28, 2005, the Court entered an Order of Settlement between High Technology, Horos, Inc., and Russia (Doc. 104, "Settlement Order"), and an Order Approving Settlement Upon Condition Precedent (Doc. 105, "Conditions Order"), which conditioned approval of the settlement upon adjudication by the Court (after receipt of a Report and Recommendation from Eugene Driker as Special Master) of the interests of Canada to have the Isotopes available for evidence in a future criminal prosecution of

Alexander Rodionov. (Doc.105.)

The Conditions Order provided:

It is hereby ordered that the approval by the Court of the Settlement Order dated February 14, 2005 resolving the claims as between the Russian Federation and High Technology is subject to adjudication by this Court (after receipt of a Report and Recommendation from Eugene Driker, as Special Master) of the claims made by the Government of Canada respecting the protection of its interests for evidentiary purposes in the isotopes which are the subject of this matter.

(Doc. 105 at 2.)

The Supplemental Report and Recommendation of Special Master Driker, referenced in the Conditions Order, issued on October 20, 2005 (Doc. 112). It was adopted by the Court with some modification and entered on November 21, 2005 in the Court's Order Granting the Government of Canada Access, Sampling, Stipulated Facts and Records Concerning Interpleaded Isotopes. (Doc. 116, "Sampling Order"). The Sampling Order provided, among other things, that "The Government of Canada shall retain custody of the Sample Isotopes pursuant to this Order for a period of no more than five years from the date of entry of this Order ('Sample Isotope Retention Period')." (Doc. 116 at 5.) The Sampling Order "fully satisfie[d] the conditions imposed by this Court in its Order Approving Settlement Upon Satisfaction of Condition Precedent of February 14, 2005." (Doc. 116 at 6.)

Russia, however, appealed from the Sampling Order. The Sampling Order was eventually modified and reinstated by the Court on February 24, 2010 in the Final Order Reinstating Order Dated November 21, 2005. (Doc. 146, "Reinstatement Order.") The Reinstatement Order provided that "the Court's Order dated November 21, 2005 (Document 116), as further modified only by the Order Amending Customs Inventory,

Clarifying Specified Orders, and Requiring the United States to Release Isotopes andOther Seized Items, dated July 24, 2006 (Document 126), is hereby reinstated." (Doc. 116 at 2.). Thus, the five year Sample Isotope Retention Period ostensibly expired on December 21, 2010.

B.

On January 16, 2011, Canada filed the motion before the Court, seeking clarification as to the five year Sample Isotope Retention Period. Canada argues that during the period between the filing of the appeal on December 20, 2005 and reinstatement of the modified Sampling Order on February 24, 2010, there was no performance by the parties of the obligations owed to Canada under the Sampling Order. Nor was there any performance by the parties under the interrelated Settlement Order at any time prior to February 2010. As such, Canada argues that the five year Sample Isotope Retention Period has not yet expired and has did not begin to run until February 24, 2010. High Technologies and Russia object, arguing the five years has elapsed.

The Court held a hearing on the motion on March 2, 2011. Following the hearing, Canada presented a proposed order which purported to memorialize the Court's ruling. High Technologies objects to Canada's proposed order. As such, the Court will craft the order consistent with its statements at the hearing and with the record as a whole.

III. Decision

3

A.

The Sample Isotope Retention Period shall continue until March 2, 2012. Canada may seek further extension of the Sample Isotope Retention Period upon a demonstration to the Court, prior to its expiration, of its active and substantial efforts to obtain custody of Rodionov. Absent proof of Canada's efforts, the Sample Isotope Retention Period will expire March 2, 2012. No further extensions will be given.

B.

All reports concerning the sale of Isotopes submitted to Special Master Driker under the Order of Settlement shall be provided to Canada within ten (10) days of entry of this order. Canada shall also be provided, in writing, with the "terms of all sales" of any and all Isotopes sold during the Sample Isotope Retention Period in accordance with paragraph 3.2 of the Settlement Order. If sales are made during the Sample Isotope Retention Period and if High Technologies believes purchaser information should be redacted, it shall first submit the information to the Court for an <u>in camera</u> examination and determination of the whether good cause exists to delete portions of the information.

SO ORDERED.

Dated: April 14, 2011         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 14, 2011, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5160