UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 95-72365

HIGH TECHNOLOGY
PRODUCTS, INC., et. al,                HONORABLE AVERN COHN

    Defendants.

_____/

## MEMORANDUM

This is an interpleader action involving ownership and disposition of isotopes seized by the United States customs officials in 1995. The United States had custody of the isotopes for several years until the Court relieved the government of its obligations in 2005 (and again in 2010). The parties in interest–the Government of the Russian Federation (Russian Federation), High Technology Products, Inc. (High Technology), the Government of Canada (Canada), and Horos, Inc. (Horos)–resolved their competing claims to the isotopes. The settlement is memorialized in part in a Settlement Order (Doc. 104) and Sampling Order (Doc. 116), both entered in 2005. The Sampling Order provided, among other things, that Canada retain custody of sample isotopes for five years.

In 2011, Canada filed a motion seeking clarification as to the running of the five year retention period. After briefing and a hearing, the Court issued an order granting in part and denying in part the motion (Clarification Order, Doc. 160). The Clarification

Order provided that (1) Canada could retain sample isotopes for one more year, (2) all reports of isotopes submitted to Special Master Driker be submitted to Canada within ten days, and (3) submit to Canada future written reports of the "terms of all sales" of isotopes sold during the retention period, subject to High Technology's right to request that purchaser information be redacted.  One would think that would end the matter.  However, as has happened throughout the history of this case, finality is elusive.

On March 19, 2011, High Technology filed a Request for Clarification of Order Granting in Part and Denying in Part Canada's Motion to Clarify and Modify the Reinstated Sampling Order (Doc. 161).  In other words, it filed a motion to clarify an order of clarification.  As best as can be gleaned, High Technology seeks clarification as to the reporting requirements.  Canada filed a response (Doc. 163), essentially saying that the Clarification Order needs no clarification.  Having reviewed the parties' filings, the Court agrees with Canada.  The Clarification Order explains both the frequency and the content of the reporting requirements, which are consistent with the terms of the Settlement Order and Sampling Order.


Dated:  May 4, 2011                    S/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 4, 2011, by electronic and/or ordinary mail.

                                        S/Julie Owens
                                       Case Manager, (313) 234-5160

2